BENJAMIN F. MARR *versus* ALVIN L. BARRETT.

An action of trover will not lie against a depositary, who sells goods in his charge at a price less than the one fixed by the owner. In such case it is a breach of duty, rather than an unlawful conversion.

M. instructed B., his factor, to sell a quantity of hay in Wiscasset. But B. without authority, and having made no advances whereby he would have a lien thereon, sent it to Boston and sold it there. *Held,* that this was a tortious conversion and that trover would lie.

The law recognizes no distinction between an unlawful transportation and a tortious conversion.

ON REPORT from *Nisi Prius,* MAY, J., presiding.

This was an action of trover to recover the value of a quantity of hay, belonging to the plaintiff, which he had intrusted to the defendant, as his factor, to sell in Wiscasset at a specified price. The defendant, however, without instructions to that effect, sent it to Boston, and there sold it.

*Henry Ingalls,* for plaintiff.

*Hubbard,* for defendant, contended, — 1. For an agent to sell at an under price is no conversion, and trover does not lie. Stephen's N. P., vol. 3. pp. 2683–4; *Dufresne* v. *Hutchinson,* 3 Taunt. 117; *Sargent* v. *Blunt,* 16 Johns. 74; *Cairns* v. *Bleeker,* 12 Johns. 300.

2. A mere wrongful asportation of a chattel is not a conversion, &c. Stephens' N. P., p. 2684.

CUTTING, J. — The principal question presented is, was the defendant guilty of a wrongful conversion in shipping the hay under the circumstances disclosed by the testimony?

That the hay was originally deposited in the defendant's storehouse, on Brooks' wharf in Wiscasset, to be by him shipped to Boston, for sale, is a fact established by the evidence.

The defendant then became the plaintiff's factor and subject to the rules of law regulating such relations. The letter of the plaintiff, of June 17, 1854, countermanded the orders to ship, but authorized a sale at Wiscasset at a specified price.

The authorities cited by defendant's counsel clearly establish the doctrine, that the action of trover does not lie against the depositary, who sells the goods at a price less than the one fixed; that in such case, there has been no unlawful conversion, but rather a breach of duty. *Dufresne* v. *Hutchinson,* 3 Taunt. 117; *Cairns* v *Bleeker,* 12 Johns. 304; *Sargent* v. *Blunt,* 16 Johns. 73. So that a sale of the hay at Wiscasset, below the price named in the instructions, would not have authorized this suit.

The defendant did not so sell at Wiscasset, but, after the lapse of a few weeks, and without further advice, shipped the hay to Boston, and *there* sold it. This act constituted an

asportation, but was it wrongful? The evidence discloses no advancements made, or liabilities assumed by the defendant, at the time he received the hay, or before the sale, for which he could have had a lien, and, under certain circumstances, would have been authorized to sell for his own indemnity, as was decided in *Brown* v. *McGrann,* [14 Peters, 479,] and after notice and demand for reimbursement, as in *Parker* v. *Brancker,* 22 Pick. 40; *Masfield* v *Goodhue,* 3 Coms. 62; *Blot* v *Boiceau,* 3 Coms. 78.

Does the place of sale, or an asportation from one place to another, change the principle? In such case new liabilities are assumed, or should be, by a person of ordinary prudence, for the protection of his property, such as insurance against the perils of the sea, &c. The factor, when shipping against orders, has no authority to procure insurance at the charge of his principal, but must himself assume the risk, and that too for the reason, that he is for the time being, the owner, which he cannot be except by an unlawful conversion. We know of no distinction between an unlawful transportation and a tortious conversion. Consequently the defendant must be defaulted, according to the agreement of the parties, and damages assessed at the rate of $16 per ton, for six tons and 295lbs., with six per cent. additional per year, from the time of shipment to the rendition of judgment.

TENNEY, C. J., and RICE, APPLETON, and MAY, J. J., concurred.